IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ISIDRO HERNANDEZ RAMIREZ,**

       **Plaintiff,**

**v.**                                                  **Civil Action No. 2:06cv73**
                                                                    **(Judge Maxwell)**

**UNITED STATES OF AMERICA,**
**BUREAU OF IMMIGRATION AND**
**CUSTOMS ENFORCEMENT,**[1]

       **Defendants.**

## REPORT AND RECOMMENDATION

On July 19, 2006, *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. Plaintiff was granted permission to proceed as a pauper on July 26, 2006. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

## I. The Complaint

According to the complaint, Plaintiff came to this country in 1973. Sometime in 1983, Plaintiff was convicted of an unspecified crime for which he was paroled to the State of California in May of 1985. In 1987, Plaintiff was arrested on a burglary charge. At that time, the INS began deportation proceedings against him. Plaintiffs' deportation proceedings were not

---

[1] In the complaint, Plaintiff names the Immigration and Naturalization Service ("INS") as a defendant in this action. However the INS ceased to exist on March 1, 2003, and its functions were transferred to the Department of Homeland Security. Most INS enforcement functions were transferred to the Bureau of Immigration and Customs Enforcement ("ICE"). Accordingly, ICE is hereinafter substituted for the INS as the proper defendant. However, because the events described in the complaint occurred prior to March 1, 2003, the undersigned may still refer to the agency as the INS in this Order.

based on his 1987 burglary charges, but instead, on his 1983 conviction. As a result, Plaintiff was deported from this country in March of 1992. Plaintiff is now serving a 57-month sentence at the Gilmer Federal Correctional Institution for illegal re-entry after deportation. Plaintiff has been incarcerated since 2002 or 2003.

Plaintiff initiated this civil rights action because he believes that his rights were violated by the INS and the Government and that he was wrongfully and illegally deported. Plaintiff asserts that his deportation was illegal because the crime for which he was deported was prior to 1988 and was not an aggravated felony. In addition, Plaintiff asserts that his due process rights were violated because no one in the Government told him that he qualified for 212 relief.

Accordingly, Plaintiff seeks $10,000,000 for his illegal and wrongful deportation and the violation of his rights.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. 28 U.S.C. § 1915A. Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915A(b).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a

claim under is not automatically frivolous. See Neitzke, 490 U.S. at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Analysis

A civil rights action is a proper remedy for a prisoner making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). Moreover, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . ." Heck v. Humphrey, 512 U.S. 477, 486-87, (1994) (footnote omitted).

Here, Plaintiff brings this suit as a civil rights action, but does not challenge the conditions of his confinement. Instead, Plaintiff seeks compensatory damages for the allegedly illegal deportation order that has resulted in his current incarceration. However, was this Court to find Plaintiff's deportation order invalid, such a finding would undermine the lawfulness of his current sentence and the very fact of Plaintiff's custody. Therefore, to the extent that Plaintiff challenges the validity of his 1992 deportation order, the undersigned is of the opinion that such a claim should have been raised pursuant to a petition for writ of habeas corpus. In

---

[2] Id. at 327.

addition, in accordance with Heck, Plaintiff should not be entitled to seek damages for the allegedly illegal deportation order until such time as that order has been invalidated.

Additionally, although in similar circumstances it may be appropriate for the Court to simply construe Plaintiff's civil rights complaint as a habeas petition, and proceed accordingly, the undersigned is of the opinion that such is not appropriate in this instance because this Court does not have jurisdiction over Plaintiff's underlying challenge to his deportation order.[3]

## IV. Recommendation

For the foregoing reasons, it is recommended that Plaintiff's civil rights complaint be DISMISSED without prejudice to Plaintiff's right to refile his claims pursuant to a writ of habeas corpus in a court of proper jurisdiction.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. §

---

[3] The Real ID Act of 2005 amended the judicial review provisions of the Immigration and Nationality Act by vesting sole jurisdiction over habeas corpus petitions challenging removal (deportation) orders in the Court of Appeals. See Pub.L.No. 109-12, 119 Stat. 231, 302 (May 11, 2005). Moreover, 8 U.S.C. § 1252(b)(2) states that a "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." Therefore, the Court of Appeals for the circuit in which Plaintiff's immigration proceedings took place is the proper court in which to make a challenge to his deportation order. Accordingly, the undersigned would normally recommend transfer of the case to the appropriate court. See 28 U.S.C. § 1631 ("the court shall, if it is in the interests of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed . . . ") Transfer is not appropriate in this instance, however, because Plaintiff never states where his immigration proceedings took place. Thus, it is impossible for the Court to determine which Court of Appeals would have the appropriate jurisdiction.

636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: October 17, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE